STEVEN L. DERBY, ESQ. (SBN 148372)
CELIA L. McGUINNESS, ESQ. (SBN 159420)
DEBORAH GETTLEMAN, ESQ. (SBN 267309)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive Suite 1000
Oakland, CA 94612
(510) 987-8778
(510) 359-4414
info@dmglawfirm.com

Attorneys for Plaintiffs
KARLA and HOWARD MADDOX and A.M.,
a minor by and through her Guardian *Ad Litem*
KARLA MADDOX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA MADDOX, HOWARD MADDOX AND A.M., a minor by and through her Guardian *Ad Litem* KARLA MADDOX,<br><br>Plaintiffs,<br><br>v.<br><br>MAXIMUS REAL ESTATE PARTNERS, LTD., ALAMEDA MULTIFAMILY OWNER, LLC, individually and dba "South Shore Apartments", SOUTH SHORE APARTMENTS and DOES 1-20, INCLUSIVE,<br><br>Defendants. | CASE NO.   19-6008<br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1) Violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*<br>2) Violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*<br>3) Violation of the Unruh Civil Rights Act, Cal. Civil Code §51 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**SUMMARY OF PARTIES AND CLAIMS**

Plaintiffs KARLA MADDOX, HOWARD MADDOX AND A.M., a minor by and through her Guardian *Ad Litem* KARLA MADDOX (sometimes collectively referred to as "Plaintiffs") bring this action seeking injunctive relief requiring Defendants MAXIMUS REAL ESTATE PARTNERS, LTD., ALAMEDA MULTIFAMILY OWNER, LLC individually and dba "South Shore Apartments", SOUTH SHORE APARTMENTS and DOES 1-20, INCLUSIVE, (sometimes collectively referred to as "Defendants") to provide equal

accommodations and services to Plaintiffs and specifically to A.M., a four-year-old child who cannot walk outside her parents' apartment without a wheelchair due to a crippling disease. Defendants have refused to give Plaintiffs (1) a properly striped and designated accessible parking spot (2) an accessible path or other means to use the pool and spa amenities at South Shore Apartments, and (3) accessible doors within their building so that KARLA and HOWARD can safely transport A.M. into and out of their apartment.

## GENERAL ALLEGATIONS

1. Defendant MAXIMUS REAL ESTATE PARTNERS, LTD. is a Delaware Corporation with its principal place of business in San Francisco, California. According to its website, it owns, among other things a multifamily residential housing complex located in Alameda on Shorepoint Court and called "South Shore Apartments."

2. Defendant ALAMEDA MULTIFAMILY OWNER, L.L.C. is a Limited Liability Company with its principle place of business in Dallas, Texas. According to public records, Defendant does business under the fictitious name of "South Shore Apartments."

3. Defendant SOUTH SHORE APARTMENTS is a business entity of unknown form that is identified as the "lessor" of Plaintiffs' apartment at the South Shore Apartments. On information and belief, Defendant is the property manager of "South Shore Apartments."

4. Plaintiff A.M., by and through her guardian KARLA MADDOX is a four year-old girl with a crippling disease who cannot travel outside of her apartment without the assistance of a specially-designed manual wheelchair that must be pushed by either her mother KARLA MADDOX, her father HOWARD MADDOX or some other able-bodied person.

5. Plaintiffs KARLA MADDOX and HOWARD MADDOX are the parents of Plaintiff A.M. who lives with them in Building G, apartment 308 within the multifamily complex known as "South Shore Apartments."

6. Currently, there is no designated reserved accessible space assigned to the MADDOX family in the covered garage of the building where they live which is an amenity provided to all tenants of South Shore Apartments.

7. Parking in the only designated handicapped accessible spaces at South Shore Apartments is first come first served and so KARLA and HOWARD often have to park as far away as 100 yards. This requires them to push A.M. up a steep incline to the van and then take separate trips that same distance if there are other items to carry, such as groceries. Not being able to park close to their building in a designated spot creates a hardship for the entire MADDOX family that is not experienced by people without physical disabilities or their loved ones.

8. There are two recreation areas – each containing a pool and one containing a spa – as part of the amenities offered to tenants of the "South Shore Apartments." Neither area is accessible to Plaintiff A.M. because there is no accessible path from her apartment to either area. To access these amenities, tenants are required to negotiate a set of steps which KARLA and HOWARD cannot traverse with A.M.'S wheelchair.

9. Currently, there are several interior doors between the apartment leased to the Plaintiffs and the parking spot assigned to them. There are also several interior doors, including doors that must be opened to access the elevator needed by disabled persons such as A.M. and her parents, KARLA MADDOX and HOWARD MADDOX to reach the first floor to exit the building. None of these doors complies with current accessibility requirements for maximum opening force.  (see Title 24, C.C.R Chapter 11A § 1126A and 1132A) As a result, neither parent can safely transport A.M. through those doors to the parking lot or to the outside of their apartment building without risk of injury to A.M. or themselves.

10. Since at least March of 2019, Plaintiff KARLA MADDOX has repeatedly asked as an accommodation of A.M.'s disability, that her family be assigned a reserved accessible parking space in their building and that the complex provide some means for A.M. to enjoy the pool and spa amenities available to children who live in the complex who do not use a wheelchair for ambulation. In response, Defendants have refused to provide such access and accommodation and in fact told Plaintiff KARLA MADDOX that if she did not like it at "South Shore Apartments" then they would "allow" her to "break her lease" and leave.

11. KARLA and HOWARD do not want to and should not have to move. Southshore Apartments is a beachfront apartment complex located next to a large park in Alameda with

accessible trails. They are asking only that A.M. and their family be able to enjoy the property in the same way as nondisabled people, which is what the law requires.

12. Before filing suit, Plaintiffs through their counsel wrote to Defendants once again asking for accommodations for A.M.'s disability and equal access to the services and amenities of "South Shore Apartments" including the previous requests made by KARLA.

13. Defendants, through their attorney responded asking for a specific proposal. In order to make specific proposal on accessible parking and an accessible path to the pool and spa amenities, a site inspection was performed which identified additional barriers along the accessible path to the garage where the MADDOX family would park and the pool and spa closest to them.

14. Thus, in addition to a specific proposal on the issued addressed in counsel's first letter, counsel asked on behalf of his clients that the door openers on several doors in Building G be adjusted to comply with current applicable regulations.

15. Defendants never responded necessitating this action.

16. By refusing to respond to Plaintiffs' requests or engage in the interactive process, Defendants have constructively denied the accommodations A.M. is entitled to, in violation of the state and federal nondiscrimination laws outlined below.

**JURISDICTION**

17. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 for violations of 29 U.S.C. § 794. This Court has jurisdiction over the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

**VENUE**

18. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiffs' causes of action arose in this District.

///

///

///

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[42 U.S.C. § 3601 ET SEQ.]**

19. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 18 above.

20. Based upon the foregoing, Plaintiff A.M. is a "handicapped person" as defined at 42 U.S.C. § 3602 of the Federal Fair Housing Act (FFA).

21. Based upon the foregoing, Plaintiffs KARLA MADDOX and HOWARD MADDOX are each "closely associated" to a handicapped person as defined in the FFA.

22. As a provider of multifamily housing, Defendants are required to grant requests for changes in rules, policies, practices or services when it may be necessary to afford a handicapped person equal opportunity to use and enjoy the dwelling.

23. Defendants have refused to make any changes in "rules, policies, practices or services" when it is certainly necessary to allow Plaintiffs to enjoy the parking, pool and spa amenities given Plaintiff A.M.'s disability.

24. Based upon the foregoing, Defendants have "discriminate(d) ...in the provision of services or facilities in connection with ..a dwelling" to wit the aforementioned "South Shore Apartments" because of the handicap of Plaintiff A.M. and are thus liable therefor pursuant to 42 U.S.C. § 3604(f)(2).

25. Plaintiffs have each suffered actual damages as a result of Defendants' refusal to either make the amenities accessible or provide some alternative accommodation such as providing the parking and spa amenities in a different accessible location.

26. Such damages exceed $75,000 and continue so long as Defendants are allowed to continue to violate the law.

27. Plaintiffs have no adequate remedy at law to compensate them for the loss of opportunity to enjoy the amenities for which they pay and therefore seek, in addition to all appropriate actual damages, an order from this court enjoining Defendants to make the required changes to allow Plaintiffs equal access to the amenities of "South Shore Apartments" and to

require that they cease and desist from and take adequate steps to prevent any such discrimination in the future.

WHEREFORE, Plaintiffs request relief as outlined below.

**SECOND CAUSE OF ACTION
VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
AGAINST ALL DEFENDANTS
[Cal. Gov't Code § 12955 et seq.]**

28. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1- 27 above.

29. The "South Shore Apartments" is a multifamily complex consisting of at least three rental apartment dwelling units and one elevator and is thus a "covered multifamily dwelling unit" as defined in Cal. Gov't Code § 12955.1.1.

30. Based upon the foregoing, Plaintiff A.M. is a "person with a disability" as defined at Cal. Gov't Code § 12955.3 and § 12926.

31. Defendants are each the owner of a "covered multifamily dwelling unit" to wit the aforementioned "South Shore Apartments."

32. As the owner of a "covered multifamily dwelling unit" it is unlawful for Defendants to, among other things, discriminate against any person on the basis of disability. Cal. Gov't Code § 12955.

33. "Discriminate" for purposes of § 12955 includes the "refusal to make reasonable accommodations in rules, policies, practices or services when those accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." Cal. Gov't Code § 12927 (c)(1).

34. Based upon the foregoing, Defendants have each violated the FEHA by refusing to grant Plaintiffs' requests as set forth above.

35. Plaintiffs have each suffered actual damages as a result of Defendants' refusal to either make the amenities accessible or to provide some alternative accommodation.

///

36. Such damages exceed $75,000 and continue so long as Defendants are allowed to continue to violate the law.

37. Plaintiffs have no adequate remedy at law to compensate them for the loss of opportunity to enjoy the amenities for which they pay and therefore seek, in addition to all appropriate actual damages, an order from this court enjoining Defendants to make the required changes to allow Plaintiffs equal access to the amenities of "South Shore Apartments" and to require that they cease and desist from and take adequate steps to prevent any such discrimination in the future.

WHEREFORE, Plaintiffs request relief as outlined below.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT
### AGAINST ALL DEFENDANTS
### [CIVIL CODE § 51 *et. seq.*]

38. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 37 above.

39. As owners of a "Business Establishment" to wit the aforementioned "South Shore Apartments" Defendants are required to, among other things, provide Plaintiffs as a disabled person and people closely associated with a disabled person, "full and equal accommodations, advantages, facilities, privileges, or services" of the "South Shore Apartments."

40. Based upon the foregoing, Defendants have intentionally refused despite being aware of their obligations under the law to provide "full and equal accommodations" to Plaintiffs by refusing to make any change in the parking pool or spa amenities to allow Plaintiffs KARLA MADDOX and HOWARD MADDOX to safely transport their daughter A.M. around the property or off the property by car.

41. Defendants have further been advised that Plaintiffs have suffered injury and damage to their property as a result of Defendants' refusal to make the requested changes and they still refuse to do so.

///

42. Plaintiffs do not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f). They claim a violation of Civil Code section 51(b), independently of the ADA under State law.

43. Defendants' stubborn refusal to provide disabled tenants with accessible paths of travel, accessible parking and access to pool and spa amenities demonstrates a knowing and conscious disregard for the law in general and the rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages in addition to all other relief sought.

44. As a result of Defendants' acts and omissions, Plaintiffs each suffered actual harms and losses including but not limited to physical injuries and physical and mental pain, fear, degradation, embarrassment, humiliation and severe emotional distress because of the discrimination that they each experienced and other unlawful acts of Defendants.

45. Plaintiffs' harms and losses are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiffs and other persons with mobility disabilities.

46. Such damages exceed $75,000 and continue so long as Defendants are allowed to continue to violate the law.

47. Plaintiffs have no adequate remedy at law to compensate them for the loss of opportunity to enjoy the amenities for which they pay and therefore seek, in addition to all appropriate actual damages, an order from this court enjoining Defendants to make the required changes to allow Plaintiffs equal access to the amenities of "South Shore Apartments" and to require that they cease and desist from and take adequate steps to prevent any such discrimination in the future.

48. Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

///

///

///

# PRAYER

Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiffs are granted the relief they request. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs pray for judgment and the following specific relief against Defendants:

1. For an order enjoining Defendant, their agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To modify The Property's facilities to make them accessible to and useable by all persons with physical disabilities or to provide equivalent amenities by other means;

    c. To train each of Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons;

    e. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities, and

2. That the Court retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiffs all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

///

4.   Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

5.   Award prejudgment interest pursuant to California Civil Code § 3291; and

6.   Grant such other and further relief as this Court may deem just and proper.

Dated:  September 24, 2019                    DERBY, McGUINNESS & GOLDSMITH, LLP

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven L. Derby*
　　　　　　　　　　　　　　　　　　　　　　　　　　　By Steven L. Derby
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

**DEMAND FOR JURY**

Each Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  September 24, 2019                    DERBY, McGUINNESS & GOLDSMITH, LLP

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven L. Derby*
　　　　　　　　　　　　　　　　　　　　　　　　　　　By Steven L. Derby
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs