UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. M., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MAXIMUS REAL ESTATE PARTNERS, LTD., et al.,<br><br>        Defendants. | Case No. 19-cv-06008-TSH<br><br>**ORDER APPROVING MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 40 |

Pending before the Court is Guardian Ad Litem Karla Maddox's Motion for Approval of Minor's Compromise, in which Maddox requests the Court approve the settlement for A.M. in the amount of $7,500. ECF No. 40. No opposition has been filed.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). "In other words, in this context, the fairness determination is an independent, not a comparative, inquiry." *Id.* at 1182. Thus, courts must "focus[ ] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no

special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Here, the Court concludes that the settlement should be approved. The settlement amount appears to be fair and reasonable given the facts of the case, the nature of A.M.'s claim and the probability of success, and the favorable opinions from the Guardian ad Litem and plaintiff's counsel. *See* Maddox Decl. ¶¶ 4-7, ECF No. 40-1; Derby Decl. ¶ 5, ECF No. 40-2. In addition, the settlement is in line with similar settlements, including the settlement approved by the Ninth Circuit in *Robidoux* for similar claims of denial of fair housing rights for very young plaintiffs like A.M. 638 F.3d at 1180. Because of her disability, A.M. like those very young plaintiffs can only go outside with her parent's help. Maddox Decl. ¶ 4. Therefore, using an approach approved in *Robidoux*, the Court finds the interests of A.M. are safeguarded.

Typically, the Court must also determine a reasonable attorney's fee, using the factors set forth in California Rule of Court 7.955. *A.G. v. Cty. of Los Angeles*, 2018 WL 5911569, at *4 (C.D. Cal. May 29, 2018). However, the parties' agreement includes confidential amounts being paid separately to settle the claims of A.M.'s parents and to pay plaintiffs' attorneys fees, costs and litigation expenses. Therefore, the entire $7,500 allotted to A.M. in the settlement will go to her parents to be used for A.M.'s needs as they see fit.

Accordingly, the Court now orders as follows:

1. The motion to approve minor's compromise is **GRANTED**.

2. Counsel for A.M. is instructed to take all necessary steps to complete the settlement and obtain the funds in the amount of $7,500 for A.M. and distribute those funds to Plaintiffs Karla Maddox and Howard Maddox, her custodial parents, to be used for A.M.'s needs as they see fit.

3. Proof of compliance with Paragraph Two of this order shall be filed within 28 days of issuance of this order and shall be accompanied by either a proposed form of judgment or written request for dismissal.

**IT IS SO ORDERED.**

Dated: September 21, 2020

THOMAS S. HIXSON
United States Magistrate Judge